Tara Ward

1124 E Ridgewood St

Long Beach, California 90807

805-416-9814

Pro Se Debtor

FILED

FEB 23 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Case No.: | **2:26-bk-11209-VZ** |
|---|---|---|
| Tara Charisse Ward | Chapter: | **13** |
| Debtor. | **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY (RE: REAL PROPERTY AT 1124 E. RIDGEWOOD ST., LONG BEACH, CA)** | |

TO THE HONORABLE JUDGE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE:

Debtor Tara Charisse Ward ("Debtor") hereby opposes the Motion for Relief from the Automatic Stay filed by Fenping Wang ("Movant") and respectfully requests that the Court deny the motion.

## I. INTRODUCTION

Movant seeks relief from the automatic stay with respect to Debtor's primary residence. Relief is not warranted because this Chapter 13 case was filed in good faith, the Debtor has the ability to fund a confirmable plan, and the plan provides for curing any arrears owed to Movant.

The property is necessary for an effective reorganization, and Movant is adequately protected through the Chapter 13 process.

II. FACTUAL BACKGROUND

1. Debtor filed this Chapter 13 case in good faith to reorganize her financial affairs and prevent foreclosure of her primary residence.

2. The subject property located at 1124 E. Ridgewood St., Long Beach, CA is Debtor's principal residence and houses her dependent family members.

3. Debtor has stable monthly income of approximately $10,000 take-home, demonstrating feasibility of the proposed Chapter 13 plan.

4. The Chapter 13 plan provides for curing prepetition arrears on secured obligations through the plan while maintaining ongoing payments.

5. Any prior procedural issues in Debtor's earlier case were the result of documented medical incapacitation from norovirus and COVID-19, not bad faith.

III. THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION

Under 11 U.S.C. § 362(d)(2), relief from stay should be denied where:

- the debtor has equity or
- the property is necessary for an effective reorganization.

The Ridgewood property is essential to Debtor's reorganization because:

- it is Debtor's primary residence
- it houses a minor child and disabled adult dependent
- the Chapter 13 plan is structured around curing the arrears and maintaining the home

Courts routinely deny stay relief in Chapter 13 cases where the debtor demonstrates a feasible cure plan.

IV. MOVANT IS ADEQUATELY PROTECTED

---

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(RE: REAL PROPERTY AT 1124 E. RIDGEWOOD ST., LONG BEACH, CA)**

Relief under § 362(d)(1) requires a showing of lack of adequate protection.

Movant is adequately protected because:

- Debtor is making (or is prepared to make) ongoing postpetition payments
- Arrears are being cured through the Chapter 13 plan
- The property maintains substantial value relative to the secured claim

The Chapter 13 framework itself provides adequate protection to secured creditors.

V. THE CASE WAS FILED IN GOOD FAITH

Debtor filed this case with the genuine intent to reorganize and retain her home.

Debtor has:

- stable income
- dependents in the household
- completed schedules and filings
- demonstrated willingness to comply

There is no evidence of bad faith warranting stay relief.

VI. EQUITIES FAVOR DENIAL OF RELIEF

Granting stay relief would cause severe and irreparable harm by exposing Debtor's family home to foreclosure despite a viable reorganization effort.

By contrast, Movant suffers minimal prejudice by remaining within the Chapter 13 process and receiving cure payments through the plan.

VII. CONCLUSION

Debtor has demonstrated the ability and good-faith intent to reorganize and cure any arrears owed to Movant. The property is necessary for an effective reorganization, and Movant is adequately protected.

WHEREFORE, Debtor respectfully requests that the Court:

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(RE: REAL PROPERTY AT 1124 E. RIDGEWOOD ST., LONG BEACH, CA)**

1.  Deny Movant's Motion for Relief from the Automatic Stay;

2.  Allow the Chapter 13 case to proceed; and

3.  Grant such further relief as the Court deems just and proper.


February 21, 2026
Date

(your signature)

Tara Charisse Ward
Pro Se Debtor

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(RE: REAL PROPERTY AT 1124 E. RIDGEWOOD ST., LONG BEACH, CA)**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1124 E Ridgewood St, Long Beach, CA**

A true and correct copy of the foregoing document entitled: **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY (RE: REAL PROPERTY AT 1124 E. RIDGEWOOD ST., LONG BEACH, CA)**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _02/21/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __02/21/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*SCHEER LAW GROUP, LLP*
*REILLY D. WILKINSON #250086*
*JOSHUA L. SCHEER #242722*
*155 N. Redwood Drive, Suite 100*
*San Rafael, CA 94903*
*rwilkinson@scheerlawgroup.com*

*Nancy K Curry, Trustee*
*1000 Wilshire Blvd, Suite 870*
*Los Angeles, CA 90017*

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _02/21/2026_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

HONORABLE JUDGE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012, COURTROOM 1328 (BIN OUTSIDE CLERK'S OFFICE)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/21/2026 | Tara Ward | /s/ |
| *Date* | *Printed Name of person completing service* | *Signature of person completing service* |